# EXHIBIT B

(Settlement Agreement)

*Angela Hicks v. Lockheed Martin Corporation*
Settlement Agreement and General Release

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**ANGELA HICKS, individually**
**and on behalf of all others**
**similarly situated,**

      **Plaintiff,**

**v.**                                       **Case No.: 8:19-cv-00261-JSM-TGW**

**LOCKHEED MARTIN CORPORATION,**

      **Defendant.**

_____/

### CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE

Plaintiff, Angela Hicks ("Plaintiff"), individually and on behalf of the Settlement Class (defined below), and Defendant, Lockheed Martin Corporation ("Defendant" or "Lockheed Martin") (collectively, the "Parties"), enter into this Class Action Settlement Agreement and Release ("Agreement") to resolve all claims in this action, subject to the approval of the Court.

### Recitals

1.      Plaintiff initiated this action by filing a Complaint on January 9, 2019. Plaintiff asserts claims on behalf of herself and a putative class against Lockheed Martin under the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended by the Consolidated Omnibus Budget Reconciliation Act of 1985 ("COBRA"), alleging that Defendant violated the notice requirements of COBRA.

2.      On February 21, 2019, Defendant filed a Motion to Transfer (Doc. 13) this case to the United States District Court for Maryland and, at the same time, asked the Court to stay its deadline to respond to the Complaint. During the pendency of Defendant's Motion to

*Angela Hicks v. Lockheed Martin Corporation*
Settlement Agreement and General Release

Transfer the two sides agreed to mediation and on April 4, 2019, the Parties filed a Joint Motion to Stay (Doc. 25) the case pending completion of mediation. The Court granted the Joint Motion (Doc. 26) and mediation was scheduled for June 19, 2019.

2. The Parties participated in an all-day mediation conducted by mediator Chris Griffin, Esq. on June 19, 2019. During the mediation, the Parties reached an agreement-in-principle which was memorialized in a Term Sheet. Pursuant to their agreement at mediation, the Parties now enter into this Agreement, which memorializes in full the terms of the Parties' amicable resolution of this case. The Parties were represented by competent counsel at mediation and during all negotiations which resulted in the execution of this Agreement.

3. Class Counsel (as defined below) have substantial experience representing class representatives and have investigated the law and facts relating to the claims asserted in the Complaint. Based on their experience in representing class representatives and litigating class action cases, Class Counsel have concluded that this Settlement and Agreement (as defined below) is fair and reasonable and in the best interests of the Settlement Class (as defined below). Class Counsel have given due consideration to the benefits of amicably resolving this case as described herein and the risks and delays associated with further litigation.

4. Lockheed Martin expressly denies that it has engaged in any wrongdoing and denies that the COBRA Notices at issue are deficient. By entering into this Agreement, Lockheed Martin does not admit or concede any fault or liability in connection with any facts or claims that have been or could have been alleged against it in this Action. Lockheed Martin denies that it has any liability whatsoever to Named Plaintiff or any members of the Settlement Class; nor is this Settlement and Agreement evidence of any wrongdoing on the part of Lockheed Martin. Lockheed Martin has agreed to this Agreement solely to purchase peace

*Angela Hicks v. Lockheed Martin Corporation*
Settlement Agreement and General Release

and in recognition of the substantial expense and burden of continued litigation, the substantial

period of time required to arrive at a judicial resolution of the issues presented, and the

concomitant inconvenience, distraction, and disruption to its business operations.

5.      Subject to the approval of the Court, the Parties propose to settle this Action on

the terms set forth this Agreement.

## Definitions

As used in this Agreement, capitalized terms and phrases not otherwise defined have

the meanings provided below:

6.      Action or Lawsuit: the above-captioned action.

7.      Agreement: this Class Action Settlement Agreement and Release.

8.      Class Counsel: Wenzel, Fenton, Cabassa, P.A.

9.      Class Notice Date: the date that Notices of Settlement are initially mailed to

Settlement Class Members.

10.     Class Period: the period of time from January 1, 2015 through the date the Court

grants Preliminary Approval.

11.     Class Representative or Plaintiff: Angela Hicks.

12.     COBRA: the Consolidated Omnibus Budget Reconciliation Act of 1985,

including all regulations promulgated and applicable case law thereunder.

13.     COBRA Coverage: continuing health insurance coverage provided under

COBRA.

14.     COBRA Notice: the notices regarding the right to elect COBRA Coverage

provided by or on behalf of Defendant to the Settlement Class (as defined below).

4

*Angela Hicks v. Lockheed Martin Corporation*
Settlement Agreement and General Release

15.  <u>Court:</u> the U.S. District Court for the Middle District of Florida, Tampa Division.

16.  <u>Deadline to Object:</u> the date the Court establishes as the deadline by which Settlement Class Members must file any objections to the Settlement with the Court. Settlement Class Members shall have no fewer than sixty (60) days after the Short Form Notice of Settlement is mailed to object to the Settlement.

17.  <u>Defendant or Lockheed Martin:</u> Defendant Lockheed Martin Corporation.

18.  <u>Effective Date:</u> means the first business day after the date on which all of the following have occurred:   a) all Parties, Class Counsel, and Defendant's counsel, have executed this Agreement; b) the Court has entered the Preliminary Approval Order, preliminarily approving this Agreement; c) reasonable notice has been given to the Settlement Class Members, including providing them an opportunity to object to the settlement, in the form of Exhibit ____ to the Preliminary Approval Motion; d) the Court has held the Final Approval Hearing, entered the Final Approval Order approving the Agreement, awarded the Named Plaintiff any incentive award, and awarded Class Counsel its reasonable attorneys' fees and costs; and (e) with respect to any judicial ruling or order in the Action, that any period for any appeals, petitions, motion for reconsideration, rehearing or certiorari, or any other proceeding for review ("Review Proceeding") has expired without the initiation of a Review Proceeding, or if a Review Proceeding has been timely initiated, that there has occurred a full and complete disposition of any such Review Proceeding, including the exhaustion of proceedings in any remand and/or subsequent appeal on remand.  If the Plaintiff and Defendant disagree as to whether each and every condition set forth in this section has been satisfied, they shall promptly confer in good faith and if unable to resolve their differences within five (5)

5

business days thereafter, shall present their disputes for determination to Chris Griffin, Esq., the Parties' mediator, who shall make a final determination regarding the Effective Date of the Settlement and whether all of the conditions have been satisfied.  No portion of the Settlement Amount shall be disbursed in the event of such a dispute, pending the mediator's ruling. Disbursement shall thereafter be made pursuant to the Court's Final Approval Order and this Agreement.

19.     <u>Final Approval Hearing:</u> the hearing to be conducted by the Court, following the Court's entry of the Preliminary Approval Order, preliminarily approving this Settlement, mailing of the Short Form Notice of Settlement to the Settlement Class by the Settlement Administrator in the form of Exhibit _____ to the Preliminary Approval Motion, and mailing the required notices under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715.

20.     <u>Final Approval Motion:</u> Plaintiff's unopposed motion seeking final approval of this Settlement as per Section 19.

21.     <u>Final Approval Order:</u> the Court's Order granting Final Approval of this Settlement as per Section 19.

22.     <u>Net Settlement Proceeds:</u> the amount of money remaining after the Settlement Fund is reduced by the following amounts, none of which Defendant opposes:

a.     any service award to the Named Plaintiff that the Court approves up to $6,000;

b.     any award of attorneys' fees and expenses up to one third of the total settlement fund; and

c.     the cost of the Court-approved settlement administration process, including class notice.

*Angela Hicks v. Lockheed Martin Corporation*
Settlement Agreement and General Release

23.    <u>Notice of Settlement:</u> the Short Form Postcard Notice and Long Form Notice of Class Action Settlement approved by the Court in the Preliminary Approval Order, attached as Exhibit ___ and Exhibit ___ to the Preliminary Approval Motion.  The Short Form Notice shall be sent to the Settlement Class Members by U.S. Mail by the Settlement Administrator.

24.    <u>Parties:</u> Plaintiff Angela Hicks on behalf of herself and as Class Representative, and Defendant, Lockheed Martin Corporation.

25.    <u>Preliminary Approval Motion:</u>  Plaintiff's unopposed motion seeking the Preliminary Approval of this Settlement and Agreement as per Section 56.

26.    <u>Preliminary Approval Order:</u> the Court's order preliminarily approving this Settlement submitted contemporaneously with Plaintiff's unopposed Preliminary Approval Motion.

27.    <u>Released Parties:</u> Defendant, Defendant's third party COBRA administrator WageWorks, Inc., and its predecessor, subsidiary, and successor entities, including, without limitation, CONEXIS, Inc, and any entity that was involved in any way with the COBRA Notice as defined herein, including any of the Defendant's group health plans, and all related parties, affiliates, parent companies, subsidiaries, predecessors, successors, corporate family members, officers, directors, partners, employees, attorneys, agents, fiduciaries, counsel, advisors, insurers, administrators, shareholders, representatives, trustees, principals, plan sponsors, plan committees, and assigns and all other control group entities under IRC Section 414 of any of the Released Parties, including but not limited to all applicable employee benefit plans, and anyone acting on their behalf.

28.    <u>Settlement:</u>  the settlement to be consummated under this Agreement pursuant to the Final Approval Order.

*Angela Hicks v. Lockheed Martin Corporation*
Settlement Agreement and General Release

29.     Settlement Class: a non-opt out class certified pursuant to Fed. R. Civ. P. 23

(b)(1) and/or (b)(2) for settlement purposes only, consisting of all participants and beneficiaries

in the Defendant's group health plans who were sent a COBRA Notice during the Class Period

as a result of a qualifying event, as determined by Defendant.

30.     Settlement Class Member: any individual who is a member of the Settlement

Class.  Defendant will provide a list of each Settlement Class Member containing the first/last

names, last known U.S. mail and e-mail addresses, to Class Counsel and the Settlement

Administrator within thirty (30) days after issuance of the Preliminary Approval Order.

31.     Settlement Account: the Qualified Settlement Fund established by the

Settlement Administrator for purposes of administering the Settlement Fund under this

Agreement.  Plaintiff's Counsel has sole responsibility to set up and administer the Settlement

Account through the Third Party Settlement Administrator.

32.     Settlement Administrator: American Legal Claim Services LLC, a third-party

settlement administrator selected for purposes of administering the Settlement, including

mailing the Notice of Settlement and Settlement Payments to Settlement Class Members.

33.     Settlement Fund: the total amount that the Settlement Fund Payor (as defined

below) shall pay in settlement of this Action pursuant to this Agreement.

34.     Settlement Fund Payor:   Lockheed Martin and its third party COBRA

administrator, collectively.

35.     Settlement Payment: an equal *pro rata* portion payment that each Settlement

Class Member shall be entitled to receive as determined solely by Class Counsel pursuant to

this Agreement.  The Net Settlement Funds will be allocated by the Settlement Administrator

on a *pro rata* basis as determined solely by Class Counsel.

8

*Angela Hicks v. Lockheed Martin Corporation*
Settlement Agreement and General Release

### Monetary Benefits to the Settlement Class

36.    Plan of Allocation:   Class Counsel is responsible for developing a Plan of Allocation for the funds deposited into the Qualified Settlement Fund based on the terms of the Settlement Agreement and Class Counsel's objective evaluation of the appropriate allocation.  Class Counsel shall present the Plan of Allocation for Court approval with the filing of the Plaintiff's Unopposed Motion or Preliminary Approval of Settlement.

37.    Settlement Account. Within ten (10) days of the Effective Date, the Settlement Administrator shall establish a Settlement Account, which shall be treated as a Qualified Settlement Fund, for purposes of administering the Settlement Fund under this Agreement, and shall provide Class Counsel and Lockheed Martin's Counsel with any information relating to the Settlement Account that is reasonably necessary for Settlement Fund Payor to fund the Settlement Account in accordance with this Agreement, including but not limited to a properly executed Form W-9, thirty (30) days prior to the Effective Date.

38.    Funding of Settlement Account. Within thirty (30) days after the Effective Date, the Settlement Fund Payor shall deposit a sum total of one million two hundred and fifty thousand dollars ($1,250,000) into the Settlement Account, which shall establish the Settlement Fund and be used by the Settlement Administrator to pay Settlement Class Members, to pay for the administration of the fund including Class Notice and to pay any amounts approved by the Court for Plaintiff's attorneys' fees and expenses (including expenses of settlement administration) and any class representative service award. Payment of this sum shall be the sole, total and only payment obligation of the Defendant, Settlement Fund Payor or any other Released Party in Settlement of this Action.

*Angela Hicks v. Lockheed Martin Corporation*
Settlement Agreement and General Release

39.    <u>Plan of Allocation Settlement Payments</u>. The Net Settlement Proceeds shall be distributed to Settlement Class Members on an equal *pro rata* basis as determined solely by Class Counsel, in the form of individual settlement checks.  Each Class Member will receive an equal *pro rata* portion as determined solely by Class Counsel as per the Plan of Allocation. Defendant and any other Released Party shall not have any liability as to the Settlement Payments, the allocation of Settlement Payments to each Class Member, and/or the distribution of Settlement Payments to each Class Member.

40.    <u>Manner of Distribution</u>. Settlement Payments shall be mailed to Settlement Class Members by the Settlement Administrator within ten (10) days after the Settlement Fund Payor has funded the Settlement Account.  For purposes of this mailing, the Settlement Administrator shall use the U.S. Mailing address information that Defendant provides for each Settlement Class Member, subject to appropriate updating of addresses by cross-referencing the National Change of Address Database.  If any Settlement Payment is returned by the U.S. Postal Service with a forwarding address before the check's expiration date, the Settlement Administrator will promptly re-mail the check to the forwarding address.  If the Settlement Payment is returned without a forwarding address, the Settlement Administrator or Class Counsel shall make reasonable efforts to obtain a current address for the pertinent Settlement Class Member, and the Settlement Administrator shall re-mail the check if a current address is found before the check's expiration date.

41.    <u>Deadline for Cashing Checks</u>.  Settlement Class Members shall have sixty (60) days from the date on which checks are initially mailed to negotiate their checks. If any funds remain in the Settlement Account after the 60-day deadline for Settlement Class Members to negotiate their checks as a result of uncashed or undeliverable checks, the Settlement

*Angela Hicks v. Lockheed Martin Corporation*
Settlement Agreement and General Release

Administrator shall retain such funds in the Settlement Account for a period of ten (10) days

to allow for the processing and payment of any checks deposited into their bank accounts by

any Settlement Class Members on or shortly before the 60-day deadline. Thereafter, the

Settlement Administrator shall close out the Settlement Account by issuing a check for any

remaining balance as a *cy pres* award to be donated to a Court-approved *cy pres* recipient, the

Camaraderie Foundation, within a timely manner.

42.     <u>Payments Not Considered Wages</u>. The Parties agree that the Settlement

Payments are not wages and shall not be treated as such by Defendant or the Settlement Payor

for tax purposes. Neither the Parties nor their respective counsel shall have any liability or

responsibility of any sort for filing any tax returns or paying any taxes with respect to the

Settlement Account.  If any tax liability exists, it is the responsibility of each Class Member

only.

**<u>Attorneys' Fees and Expenses</u>**

43.     <u>Unopposed Motion for Attorneys' Fees and Expenses</u>.  At least ten (10) days

prior to the Final Fairness Hearing, Plaintiff will seek an order from the Court awarding Class

Counsel their reasonable attorneys' fees in the sum total of Thirty-Three and One-Third

Percent (33.33%) of the Settlement Fund, i.e., ($416,625.00) which will be paid from the

Settlement Account within ten (10) days of the Settlement Account being funded.  Defendant

agrees that it will not oppose Plaintiff's application for attorneys' fees as set forth herein.  Any

fees and expenses will be at the sole discretion of the Court.  The procedure for and the

allowance or disallowance of any application for fees and expenses are matters separate and

apart from the Settlement.  Any order or proceeding relating to fees and expenses, or any appeal

from any order relating thereto, or any reversal or modification thereof, shall have no effect on

*Angela Hicks v. Lockheed Martin Corporation*
Settlement Agreement and General Release

the Settlement and shall not operate to, or be grounds to, terminate or cancel the Agreement or to affect or delay the finality of the Final Approval Order or Judgment.

44.     Cost of Notice.  Class Counsel will pay the cost of notice to the Settlement Class and may request reimbursement for such costs, along with its other litigation and settlement-administration costs, when it petitions the Court for Attorneys' Fees and Expenses.

45.     Payment of Approved Attorneys' Fees and Expenses. Within ten (10) days of the Settlement Account being funded as set forth above, the Settlement Administrator shall pay attorneys' fees and expenses to Class Counsel, pursuant to the terms of the Court order granting such awards, by wire transfer or check from the Settlement Account as directed by Class Counsel to the trust account of Wenzel Fenton Cabassa, P.A.

46.     Other Expenses Borne by the Parties. Subject to Paragraphs 42 and 43 above, each Party shall otherwise bear his/its own attorneys' fees and expenses.

47.     Cost of Administration – All costs of administration will be paid from the Settlement Fund, including Class Notice.

**Service Award**

48.     Service Award.  At the same time that Plaintiff and Class Counsel file a Motion for Attorneys' Fees and Expenses, they may seek approval of a class representative service award of Six Thousand Dollars ($6,000.00).  In the event Plaintiff's request for a service award is approved by the Court, the Settlement Administrator shall issue a check from the Settlement Account made payable to Plaintiff at the same time that Class Counsel's attorneys' fees and expenses are paid pursuant to Paragraphs 42 and 43 above.  Any Service Award will be at the sole discretion of the Court.  The procedure for and the allowance or disallowance of any Service Award are matters separate and apart from the Settlement.  Any order or proceeding

*Angela Hicks v. Lockheed Martin Corporation*
Settlement Agreement and General Release

relating to the Service Award, or any appeal from any order relating thereto, or any reversal or

modification thereof, shall have no effect on the Settlement and shall not operate to, or be

grounds to, terminate or cancel the Agreement or to affect or delay the finality of the Final

Approval Order or Judgment.

### Release of Claims

49.     <u>Plaintiff and Class Release</u>.  On the Effective Date, and in consideration of the

benefits provided by this Agreement, the sufficiency of which has been determined by the

Court and is hereby acknowledged by the Parties, Plaintiff and all Settlement Class Members

shall fully and forever release, waive, acquit, and discharge Defendant, and each of the

Released Parties from any and all claims under federal or state laws arising out of or relating

to the facts alleged in the Complaint, including but not limited to any and all claims relating to

any COBRA Notice provided by or on behalf of Defendant or the Released Parties that have

been asserted or could have been asserted in this Action.  This Agreement does not release

individual ERISA claims for benefits and does not include pension related-claims.

50.     <u>Waiver of California Civil Code §1542</u>.  Named Plaintiff, on behalf of herself

and on behalf of the Settlement Class, hereby expressly waives and relinquishes, to the fullest

extent permitted by law and equity, the provisions, rights and benefits of §1542 of the

California Civil Code, which provides:  "A general release does not extend to claims which

the creditor or releasing party does not know or suspect to exist in his or her favor at the time

of executing the release, and that if known by him or her would have materially affected his or

her settlement with the debtor or released party."

### Class Notice

*Angela Hicks v. Lockheed Martin Corporation*
Settlement Agreement and General Release

51.     Notice to Settlement Class Members.  The Settlement Administrator shall provide the Short Form and Long Form Notice of Settlement to Class Counsel and Defendant's Counsel within ten (10) days after the Court has issued its Preliminary Approval Order approving the Notices of Settlement which are attached as Exhibit ___ and Exhibit ____ to the Preliminary Approval Motion.  Within twenty (20) days after receiving approval of the contents of the Notices of Settlement from Class Counsel and Defendant's Counsel, the Settlement Administrator will send the Short Form Notice of Settlement to all Settlement Class Members via first-class U.S. Mail.  The Long Form Notice will be posted on the Settlement Administrator's website, along with other pertinent documents.

52.     Manner of Distributing Notice.  For purposes of distributing the Notice of Settlement, the Settlement Administrator shall use the address information that Defendant provides for each Settlement Class Member, subject to appropriate updating by the Settlement Administrator or Class Counsel of addresses by cross-referencing the National Change of Address Database. Defendant will provide the Settlement Class Members' full names and last known addresses, to the Settlement Administrator for the purposes of mailing the Notice of Settlement.  If any Notice of Settlement is returned by the U.S. Postal Service with a forwarding address, the Settlement Administrator will promptly re-mail the Notice to the forwarding address provided. If the Notice of Settlement is returned without a forwarding address, the Settlement Administrator or Class Counsel shall make reasonable efforts to obtain a valid address for the pertinent Settlement Class Member.

53.     Settlement Telephone Number. Effective on the Class Notice Date, and until the expiration of the period for cashing checks, the Settlement Administrator shall establish a toll-free telephone number with an interactive voice response ("IVR") system that Settlement

*Angela Hicks v. Lockheed Martin Corporation*
Settlement Agreement and General Release

Class Members may call to obtain further information about the Settlement which will be included in the Notice of Settlement.  Defendant shall have no responsibility for responding to Settlement Class Member inquiries whether written, electronic or via telephone.

54.    <u>Settlement Website</u>. Effective on the Class Notice Date and until the expiration of the period for cashing checks or as soon as thereafter practicable, the Settlement Administrator or Class Counsel shall establish an active website from which Settlement Class Members can download relevant forms such as the Complaint, the Notice of Settlement, the Settlement Agreement, and ECF-filed (*i.e.*, publicly-available) copies of the Joint Motion for Preliminary Approval, Plaintiff's Motion for Attorneys' Fees and a Class Representative Service Award, and the Long Form Notice.  The Settlement Website address will be included in the Notice of Settlement.

55.    <u>Objections</u>. Any Settlement Class Member who wishes to object to the Settlement must file a timely written statement of objection with the Clerk of Court, and mail a copy of that objection with the requisite postmark to the Settlement Administrator (at the address provided in the Notice of Settlement) no later than the Deadline to Object established by the district court in its Order granting Plaintiff's Motion for Preliminary Approval of Settlement. The Settlement Administrator shall provide the Parties' Counsel with copies of all objections within ten (10) days of the Deadline to Object via email.  The statement of objection must state the case name and number; specify the basis for the objection; provide the name, address, telephone number, and email address of the Settlement Class Member making the objection; and indicate whether the Settlement Class Member intends to appear at the Final Approval Hearing, either with or without counsel. In addition, any statement of objection must be personally signed by the Settlement Class Member and, if represented by counsel, then also

*Angela Hicks v. Lockheed Martin Corporation*
Settlement Agreement and General Release

by counsel. Any Settlement Class Member who fails to timely object to the Settlement in the manner specified above shall be deemed to have waived any objections to the Settlement and shall be foreclosed from making any objections, whether by appeal or otherwise, to the Settlement.

## Settlement Approval

56.    <u>Preliminary Approval Motion</u>. As soon as practicable after the Parties execute this Agreement, but no later than ten (10) days after this Agreement is executed by all Parties, Plaintiff will provide a draft of the Unopposed Preliminary Approval Motion and all ancillary pleadings.  The Parties agree to collaborate in good faith in the preparation and finalization of the Preliminary Approval Motion.   The Parties agree that Plaintiff will file the Unopposed Preliminary Approval Motion within ten (10) days after approval by all Parties on the form and content of the Motion, Notice of Settlement and other ancillary pleadings.  The Preliminary Approval Motion will request that the Court:

    a.   enter an agreed-upon Preliminary Approval Order, preliminarily approving the Settlement and Agreement;

    b.   certify a non-opt out Settlement Class under Federal Rule of Civil Procedure 23(b)(1) and/or 23(b)(2) for Settlement purposes;

    c.   appoint Named Plaintiff as the named Class Representative and Plaintiff's Counsel as Class Counsel for Settlement purposes;

    d.   authorize distribution of the Notice of Settlement to the Settlement Class;

    e.   include a Plan of Allocation approved preliminarily by the district court;

    f.   find that the proposed form of Class Notice fairly and adequately: (i) describes the terms and effect of this Agreement and the Settlement; (ii)

16

*Angela Hicks v. Lockheed Martin Corporation*
Settlement Agreement and General Release

gives notice to the Settlement Class of the time and place of the Final

Approval Hearing; (iii) describes how the recipients of the Class Notice may

object to approval of this Agreement; and (iv) that the proposed manner of

communicating the Class Notice to the members of the Settlement Class is

the best notice practicable under the circumstances;

g.  set a Deadline to Object; and

h.  set a date for a Final Approval Hearing, not to occur until at least one

hundred and twenty days after the Court's Preliminary Approval Order.

57.    <u>CAFA Notices</u>. Defendant shall submit the notices required under the CAFA to

the applicable state and federal officials via U.S. Mail within ten (10) days of the filing of the

Preliminary Approval Motion.

58.    <u>Final Approval Motion</u>. At least fourteen (14) days before the Final Approval

Hearing, or on the date set by the Court (if different), Plaintiff shall file an Unopposed Motion

for Final Approval Motion, requesting that the Court enter an agreed-upon Final Approval

Order.  Plaintiff will provide a draft of the Unopposed Final Approval Motion and all ancillary

pleadings no later than ten (10) days before the Final Approval Motion is due.  The Parties

agree to collaborate in good faith in the preparation and finalization of the Final Approval

Motion.  Prior to the filing of the Final Approval Motion, the Settlement Administrator shall

provide Class Counsel and Defendant's Counsel with a report listing the names and addresses

of all Settlement Class Members to whom the Settlement Administrator mailed a Notice of

Settlement, and indicating which Settlement Class Members submitted a timely objection, if

any (as well as copies of any such objections).  The Final Approval Motion will request the

Court enter an agreed upon Final Approval Order, ordering:

*Angela Hicks v. Lockheed Martin Corporation*
Settlement Agreement and General Release

    a.  this Agreement is fair, reasonable and adequate and should be approved by the Court;

    b.  approving the Plan of Allocation;

    c.  final judgment approving this Agreement should be entered;

    d.  the Settlement Class be certified as a mandatory non-opt-out class meeting the applicable requirements for a settlement class imposed by Federal Rule of Civil Procedure 23;

    e.  the requirements of Federal Rule of Civil Procedure 23 and due process have been satisfied in connection with the distribution of the Class Notice to the Settlement Class Members;

    f.  the requirements of CAFA have been satisfied;

    g.  a Service Award to the Named Plaintiff, and if so, the amount; and

    h.  attorneys' fees and expenses and, if so, the amounts.

59.   <u>Class Certification for Settlement Purposes Only</u>. The Parties' Settlement is contingent upon the Court's certification of the Settlement Class for settlement purposes only. As a condition of settlement, the Parties agree to stipulate to certification of the Action as a non-opt out class action, and the Settlement Class as a non-opt out class, for settlement purposes only, pursuant to Federal Rules of Civil Procedure 23(b)(1) and/or (b)(2).  If the Settlement does not become Final, then no Settlement Class will be deemed to have been certified by or as a result of this Agreement, and the Action will for all purposes revert to its status as of the day immediately prior to the date on which the Term Sheet was executed. Defendant reserves the right to contest class certification if the Settlement Class is not certified or the Settlement is not approved.

*Angela Hicks v. Lockheed Martin Corporation*
Settlement Agreement and General Release

60.   <u>Right to Terminate Settlement</u>. The Parties shall each have the right to unilaterally terminate this Agreement by providing written notice of their election to do so within ten (10) days after: (a) the Court's refusal to grant preliminary approval of the Settlement after the Parties have attempted at least once to cure any issue raised by the Court as to the Motion for Preliminary Approval and Settlement (or if the Preliminary Approval Order agreed to by the Parties is materially modified in a manner unacceptable to either Party); (b) the Court's refusal to grant final approval of the Settlement (or if the Final Approval Order agreed to by the Parties is materially modified in a manner unacceptable to either Party) after the Parties have tried at least once to cure any issues raised by the Court; or (c) the date upon which the Final Approval Order is reversed or modified in any material respect by the U.S. Court of Appeals for the Eleventh Circuit or the U.S. Supreme Court. The above notwithstanding, the Parties agree that should any of the above conditions occur, the Parties will, within the above-indicated period, meet and confer in a good-faith attempt to reach agreement on a settlement of this Action.

61.   <u>Termination of Settlement</u>. If the Settlement is terminated pursuant to Paragraph 60 of this Agreement, the Parties will return to the status quo as of June 18, 2019, and the Action shall proceed as if this Settlement had never been negotiated. In particular, it is agreed by the Parties that:

a. the Settlement proposed herein shall be of no further force and effect;

b. the agreements and definitions in this Agreement concerning the certification of the Settlement Class will not be used as evidence or argument to support class certification or the definition of any class in any further litigation, and

19

Lockheed Martin will retain all rights to oppose the certification of any class in any further litigation; and

c.  with the exception of Paragraphs 59-61, which shall survive the termination of the Settlement, this Settlement Agreement and all negotiations, proceedings and statements relating thereto, and any amendment thereof, shall be null and void and shall be without prejudice to the Parties or the Released Parties, and each Party and Released Party shall be restored to his, her or its respective position as it existed prior to the execution of this Settlement Agreement.

62.    <u>Settlement Modification</u>. The Parties may agree by written stipulation of counsel to reasonable modifications of the timetables set forth in this Agreement or to modifications of attachments to this Agreement to effectuate the purpose of this Agreement or to conform to guidance from the Court, without the need to formally amend this Agreement.

## **<u>Other Provisions</u>**

63.    <u>No Press Release or Publicity</u>.  The Parties agree that they will not issue any press release(s) or other public statement(s) regarding the fact of or discussing the terms set forth in this Settlement Agreement.  The Parties agree that any communications regarding the distribution of the Settlement Fund shall be approved in advance by Defendant and the Released Parties.  Recognizing that this is a public settlement, neither side is prohibited by citing to this settlement on its firm website.

64.    <u>Confidentiality</u>.  The Parties and the Released Parties agree to and shall maintain in confidence the individual contributions made to the Settlement Fund by the Settlement Payor members.

*Angela Hicks v. Lockheed Martin Corporation*
Settlement Agreement and General Release

65.    <u>Mediation; Dispute Resolution</u>.  In the event that the Parties disagree upon the terms of this Settlement Agreement or as to any matter concerning the administration of this Class Action Settlement, the Parties and the Released Parties agree to use their best efforts to amicably resolve the dispute and to participate in up to a full day of mediation before Chris Griffin, Esq., as the mediator, prior to seeking relief from the Court.

66.    <u>No Admission of Liability</u>. The provisions contained in this Settlement Agreement and all negotiations, statements and proceedings in connection therewith shall not be deemed a presumption, a concession or an admission by Defendant or the Released Parties of any fault, liability or wrongdoing as to any fact or claim alleged or asserted in the Action or any other actions or proceedings and shall not be interpreted, construed, deemed, invoked, offered or received in evidence or otherwise used by any person in this Action or any other actions or proceedings, whether civil, criminal or administrative, except in a proceeding to enforce the terms or conditions of this Settlement Agreement. Defendant and the Released Parties have denied and continue to deny each and every claim alleged in the Action. Accordingly, neither this Settlement Agreement nor the Settlement itself nor any act performed or document executed pursuant to or in furtherance of this Agreement or the Settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity or invalidity of any claim alleged in the Action, or of any wrongdoing or liability or lack thereof of any of the Released Parties; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission or lack thereof of any of the Released Parties in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal. The Parties agree that the Released Parties may offer or introduce as evidence, or file with a court, administrative agency, or other tribunal, the Settlement Agreement or the Final

21

*Angela Hicks v. Lockheed Martin Corporation*
Settlement Agreement and General Release

Approval Order, as entered, with respect to any claims or actions that may be brought against

them in order to support a defense based on principles of res judicata, collateral estoppel, claim

or issue preclusion, release, good-faith settlement, judgment bar or reduction or any other

similar defense.  The Parties and their counsel, and each of them, further agree, to the extent

permitted by law, that all agreements made relating to the confidentiality of information

exchanged in the Action shall survive and be unaffected by this Agreement.

67.    No Waiver. A Party's failure to exercise any rights under this Agreement shall

not constitute waiver of that party's right to exercise those rights later.  No delay by any party

in exercising any power or right under this Agreement will operate as a waiver of that power

or right, nor will any partial exercise of any power or right under this Agreement preclude other

or further exercises of that or any other power or right.  The waiver by one party of any breach

of this Agreement will not be deemed to be a waiver of any prior or subsequent breach.

68.    Authority. The signatories below represent that they are fully authorized to

enter into this Agreement.  All class members are bound to this Settlement and Agreement by

the signature of the Named Plaintiff.

69.    Best Reasonable Efforts and Mutual Full Cooperation. The Parties agree to fully

cooperate with one another to accomplish the terms of this Agreement, including, but not

limited to, executing such documents and taking such other actions as may be reasonably

necessary to implement the terms of this Settlement.  The Parties will use their best reasonable

efforts, including all efforts contemplated by this Agreement and any other efforts that may

become necessary as ordered by the Court, or otherwise, to effectuate this Agreement and to

secure the Court's approval of the Settlement.

*Angela Hicks v. Lockheed Martin Corporation*
Settlement Agreement and General Release

70. <u>Communications with Settlement Class Members</u>. The Parties and their respective counsel shall not encourage any Settlement Class Member to object to the Settlement.

71. <u>Binding Effect on Successors and Assigns</u>. This Agreement will be binding upon and will inure to the benefit of the Parties, the Released Parties, and their respective heirs, trustees, executors, administrators, successors, and assigns.

72. <u>Construction</u>. The Parties agree that the terms and conditions of this Agreement are the result of lengthy, arms'-length negotiations between the Parties, and that this Agreement will not be construed in favor of or against any party by reason of the extent to which any party or party's counsel participated in the drafting of this Agreement.  The Parties also agree Plaintiff's attorneys' fees and costs were not discussed until all other terms were reached.

73. <u>Entire Agreement</u>. This Agreement constitutes the entire agreement of the Parties with respect to the subject matter hereof and supersedes all prior negotiations, communications, and agreements between the Parties, and may not be amended, or any of their provisions waived, except by a writing executed by all Parties hereto. The Parties: (a) acknowledge that it is their intent to consummate this Agreement; and (b) agree to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of the Agreement and to exercise their commercially reasonable best efforts to accomplish the foregoing terms and conditions of the Agreement. The Parties intend this Agreement to be a final and complete resolution of all disputes between them relating to or arising out of, the subject matter of the Action. Accordingly, the Parties agree that the terms of the Agreement

*Angela Hicks v. Lockheed Martin Corporation*
Settlement Agreement and General Release

represent a good-faith Settlement, reached voluntarily based upon adequate information and after consultation with experienced counsel.

74.   <u>Governing Law</u>. This Agreement shall be governed by the laws of the State of Maryland without giving effect to the conflict of laws or choice of law provisions thereof, except to the extent that the laws of the United States preempt Maryland law governing any matter set forth herein, in which case such federal law shall govern.

75.   <u>Venue</u>.  The Parties hereby agree that any action brought upon the enforcement of this Agreement shall be commenced or filed in the United States District Court for the Middle District of Florida, Tampa Division.

76.   <u>Extensions</u>. The Parties may agree, in writing, subject to the approval of the Court where required, to reasonable extensions of time to carry out the provisions of this Agreement.

77.   <u>Effect of Captions and Headings</u>. Paragraph titles, captions, or headings in this Agreement are inserted as a matter of convenience and for reference purposes only, and in no way define, limit, extend, or describe the scope of this Agreement or any provision in it. Each term of this Agreement is contractual and is not merely a recital.

78.   <u>Notices</u>. Unless otherwise specifically provided in this Agreement, any notices or communications to the Parties relating to this Settlement should be sent to their respective counsel in writing, as follows:

**Class Counsel**:

Luis A. Cabassa, Esq.
Brandon J. Hill, Esq.
Wenzel Fenton Cabassa, P.A.
1110 N. Florida Ave., Suite 300
Tampa, FL  33602

*Angela Hicks v. Lockheed Martin Corporation*
Settlement Agreement and General Release

**Defendant's Counsel**:

Howard Shapiro, Esq.
Stacey Cerrone, Esq.
Tulio Chirinos, Esq.
PROSKAUER
Poydras Center
650 Poydras Street
Suite 1800
New Orleans, LA 70130-6146

79.    Counterparts. This Agreement may be executed in one or more counterparts. All executed copies of this Agreement and photocopies thereof (including facsimile and/or emailed copies of the signature pages), shall have the same force and effect and shall be as legally binding and enforceable as the original.

80.    No Assignment. Plaintiff represents and warrants that she has not assigned, transferred, or otherwise disposed of the claims released herein.

81.    Non-Disparagement. The Parties and their counsel shall make no statements to the press, issue no press release, nor make any other public statements describing this Settlement that disparage any Party and/or accuse any Party of wrongdoing.

82. Authority of Court. The administration and implementation of the Settlement as embodied in this Agreement, shall be under the authority of the Court. The Court shall retain jurisdiction to protect, preserve, and implement the Agreement, including, but not limited to, enforcement of the Releases contained in the Agreement. The Court expressly retains jurisdiction in order to enter such further orders as may be necessary or appropriate in administering and implementing the terms and provisions of the Agreement.

*Angela Hicks v. Lockheed Martin Corporation*
Settlement Agreement and General Release


*Angela Hicks*
_____          08/30/2019
Angela Hicks                                      _____
Named Plaintiff and Class Representative          Date



_____          08/30/2019
Brandon J. Hill, Esq.                             _____
Class Counsel and Counsel for Plaintiff           Date

26

*Angela Hicks v. Lockheed Martin Corporation*
Settlement Agreement and General Release


_____     September 3, 2019_____
Howard Shapiro                       Date

On Behalf of Defendant Lockheed Martin Corporation
Counsel for Defendant, Lockheed Martin Corporation