UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANGELA HICKS, individually
and on behalf of all others
similarly situated,

    Plaintiff,

v.                                    Case No.: 8:19-cv-261-JSM-TGW

LOCKHEED MARTIN CORPORATION,

    Defendant.
_____/

## ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

This matter is before the Court on the Parties' Joint Motion for Preliminary Approval of Class Action Settlement (Doc. 31). The Court has carefully considered the Motion, the proposed Class Action Settlement Agreement and Release ("Settlement Agreement"), the proposed Notices of Settlement, and the declarations submitted in support of the Motion. Being fully advised in the premises of the proposed Class Action Settlement Agreement, the Court now finds and hereby **GRANTS** the Motion and **ORDERS** as follows:

    1.    All defined terms contained herein shall have the same meaning as set forth in the Settlement Agreement executed by the Parties and filed with the Court.

    2.    In this Action, Plaintiff alleges that Defendant violated the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended by the Consolidated Omnibus Budget Reconciliation Act of 1985 ("COBRA").

    3.    The Court finds that Plaintiff has Article III standing.

4. The Court has jurisdiction over the subject matter of the Action, the Class Representative, the Settlement Class Members, and Defendant. Jurisdiction is retained by this Court for matters arising out of the Settlement Agreement.

5. The Court preliminarily approves the Settlement and the terms set forth in the Settlement Agreement, subject to further consideration at the Final Approval Hearing after members of the Settlement Classes have had an opportunity to consider the Settlement Agreement and to object to the Settlement.

6. Pursuant to Federal Rule of Civil Procedure 23, the Court certifies, for settlement purposes only, the following non opt-out Settlement Class:

> All participants and beneficiaries in the Defendant's group health plans who were sent a COBRA Notice by or on behalf of Defendant between January 1, 2015 and the date of Preliminary Approval, as a result of a qualifying event, as determined by Defendant.

7. The Court finds that the Settlement Class meets the criteria for certification under Federal Rule of Civil Procedure 23(a). The class consists of approximately 54,000 persons. Thus, the class is sufficiently numerous and joinder of all potential class members is impractical. There are also questions of law and fact common to the Settlement Classes with respect to the sufficiency of the COBRA Notice. In that regard, Plaintiff's claims are typical of the claims of the Settlement Class. Finally, Plaintiff and her counsel have fairly and adequately represented the interests of the Settlement Class.

8. The Court further finds that the Settlement Class meet the criteria for certification under Federal Rule of Civil Procedure 23(b)(1) and/or 23(b)(2). Prosecuting separate actions by individual Settlement Class Members would create a risk of inconsistent or varying adjudications with respect to individual Settlement Class Members that would establish incompatible standards of conduct for Defendant, and would create a risk of

adjudications with respect to individual Settlement Class Members that, as a practical matter, would be dispositive of the interests of other Settlement Class Members and would substantially impair or impede their ability to protect their interests. Furthermore, Pursuant to Rule 23(b)(2), Defendant has allegedly acted or refused to act on grounds that apply generally to the Settlement Class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the Settlement Class as a whole.

9. Luis A. Cabassa and Brandon J. Hill from Wenzel, Fenton, Cabassa, P.A., are hereby appointed as Class Counsel for the Settlement Class.

10. Plaintiff, Angela Hicks, is hereby appointed Class Representative for the Settlement Class.

11. The Court finds on a preliminary basis that the terms of the Settlement (including the monetary relief, prospective relief, and release of claims and the Plan of Allocation) are fair, reasonable, and adequate. See Fed. R. Civ. P. 23(e). The Court further finds that the Settlement is the result of arm's-length negotiations following contested litigation. The Court's conclusion that the Settlement was fairly negotiated at arm's length is buttressed by the fact that the Settlement was reached at mediation with the assistance of attorney Chris Griffin, an experienced and impartial mediator. The Court therefore grants preliminary approval of the Settlement.

12. The Court finds and concludes that the Notices of Settlement, both the Short Form Postcard notice which will be mailed to Settlement Class Members, and the Long Form Notice which will be made available on the Settlement Administrator's website, attached as Exhibit C and Exhibit D to the Preliminary Approval Motion, and the procedures set forth in the Settlement Agreement for providing notice to the Settlement Class, satisfies the notice

requirements of Rule 23, adequately advises Settlement Class Members of their rights under the Settlement Agreement, and meets the requirements of due process. The Notices of Settlement fairly, plainly, accurately, and reasonably provide Settlement Class Members with all required information, including (among other things): (1) a summary of the lawsuit; (2) a clear definition of the Settlement Class; (3) a description of the material terms of the Settlement; (4) a disclosure of the release of claims; (5) instructions as to how to object to the Settlement and a date by which Settlement Class Members must object; (6) the date, time, and location of the Final Approval Hearing; (7) contact information for the Settlement Administrator; (8) the website address for the Settlement website and the toll-free telephone number that Settlement Class Members may call for further information; and (9) the amount that Class Counsel may seek in attorneys' fees and expenses, as well as the proposed Class Representative Service Award and costs of administration.

13. The proposed plan for mailing the Short Form Postcard Notice of Settlement by U.S. First Class Mail to the members of the Settlement Class is an appropriate method, reasonably designed to reach those individuals who would be bound by the Settlement. The Short Form Postcard Notice will direct the Settlement Class Members to the Settlement website which will then provide access to additional information, including the Long Form Notice. Accordingly, the Court approves the Notices of Settlement, attached as Exhibit C and Exhibit D to the Preliminary Approval Motion, and the manner of distributing the Notices of Settlement to the Settlement Class.

14. Any Settlement Class Member who wishes to object to the Settlement must submit a written statement of objection to the Settlement Administrator, postmarked no later than 60 days after the Class Notice Date. The statement of objection must state the case name

and number; specify the basis for the objection; provide the name, address, telephone number, and email address of the Settlement Class Member making the objection; and indicate whether the Settlement Class Member intends to appear at the Final Approval Hearing, either with or without counsel. In addition, any statement of objection must be personally signed by the Settlement Class Member and, if represented by counsel, then also by counsel. Any Settlement Class Member who fails to timely object to the Settlement in the manner specified above shall be deemed to have waived any objections to the Settlement and shall be foreclosed from making any objections, whether by appeal or otherwise, to the Settlement.

15. Plaintiff's motion for attorneys' fees and expenses and any class representative service award shall be filed at least ten (10) days prior to the Final Approval Hearing.

16. The Final Approval Motion shall be filed no later than fourteen (14) days prior to the date of the Final Approval Hearing. In the Final Approval Motion, Class Counsel shall address any timely submitted objections to the Settlement.

17. The Court will conduct a Final Approval Hearing on **Wednesday, December 11, 2019, at 9:00 a.m. in Tampa Courtroom 17**, which is not less than 90 days from today, to determine whether the Settlement is fair, reasonable, and adequate and if final approval should granted; whether any objections to the Settlement should be overruled; whether Class Counsel's motion for attorneys' fees and expenses should be granted; and whether a class representative service award to the named Plaintiff should be approved.

DONE and ORDERED this 5th day of September, 2019.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies to:
Counsel of Record